IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRYSTALYNNE CALVIN, ) | |
| Plaintiff, ) | Case No. 07 C 3056 |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| JOHN D. POTTER, Postmaster General, United States Postal Service, ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Chrystalynne Calvin ("Calvin") filed a six count Amended Complaint against John E. Potter, Postmaster General, United States Postal Service ("Potter") and Nasser Mahammed ("Mahammed") alleging disability discrimination in violation of the ADA (Count I), intentional infliction of emotional distress (Count II), race and sex discrimination in violation of Title VII (Count III), retaliation in violation of 42 U.S.C. § 1981 (Counts IV and V) and retaliation in violation of Title VII (Count VI). The Court previously dismissed Counts I, IV and V with prejudice and Count II without prejudice. Calvin never refiled Count II of her Amended Complaint and therefore her only viable claim is Count III which was filed only against Potter. Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, Potter now moves the Court for summary judgement on Count III of Calvin's Amended Complaint. Specifically, Potter contends that Calvin lacks standing to pursue her claims and this Court lacks jurisdiction to adjudicate them. Further, Potter asserts that the doctrine of judicial estoppel bars Calvin from prosecuting this action. For the reasons stated, Potter's Motion for Summary Judgment is granted.

## STATEMENT OF UNDISPUTED FACTS

Calvin began her employ with the United States Postal Service ("USPS") in February 1999 as a part-time distribution clerk at the Naperville Post Office in Naperville, Illinois. Def. 56.1 Stmt. ¶ 1.[1] In March 2004, Calvin filed a formal Equal Employment Opportunity ("EEO") complaint against the USPS (No. 4J-604-0054-04), alleging that she was discriminated against on the basis of race, sex and religion when she was questioned about not working overtime, was issued a letter of warning and was denied a union steward. Def. 56.1 Stmt. ¶¶ 9, 38; Pl. 56.1 Resp. ¶¶ 9, 38. On October 12, 2005, the Postal Service denied Calvin's EEO complaint and the EEOC affirmed the agency's decision on appeal on March 1, 2007. Def. 56.1 Stmt. ¶ 9. On September 15, 2005, Calvin filed another formal EEO complaint against the USPS (No. 4J-604-0114-05), alleging that she was discriminated against on the basis of race and sex and retaliated against by her supervisors when she was put on emergency off duty status and subsequently sent a notice of removal. Def. 56.1 Stmt. ¶ 39; Pl. 56.1 Resp. ¶ 39. On May 9, 2007, the Postal Service denied Calvin's EEO complaint. Def. 56.1 Stmt. ¶ 51. On May 31, 2007, Calvin filed the instant action against Potter. Def. 56.1 Stmt. ¶ 52. Calvin's March 2004 and September 15, 2005 EEO complaints form the basis of Calvin's instant discrimination action before the Court. Def. 56.1 Stmt. ¶¶ 38, 39.

On September 16, 2005, while both of her EEO complaints were pending, Calvin, through an attorney, filed a Chapter 13 bankruptcy petition in the Northern District of Illinois. Def. 56.1 Stmt. ¶ 46; Def. Ex. U. As part of her bankruptcy petition Calvin was required to list all of her personal property on a form entitled "Schedule B. Personal Property". Def. 56.1 Stmt. ¶ 46; Def.

---

[1] Throughout this Opinion, the Court references the Parties' Local Rule 56.1 Statements of Undisputed Material Facts as follows: citations to Potter's Statement of Facts has been abbreviated to "Def. 56.1 Stmt. ¶ __."; and citations to Calvin's Response to Potter's Statement of Facts has been abbreviated to "Pl. 56.1 Resp. ¶ __."

Ex. U, at Schedule B. Item No. 20 on the Schedule B form requires the debtor to list "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." Def. 56.1 Stmt. ¶ 46; Def. Ex. U, at Schedule B. Calvin did not list any claims or assign any value to item No. 20. Def. 56.1 Stmt. ¶ 46; Def. Ex. U, at Schedule B. As part of her bankruptcy petition, Calvin was also required to fill out a Statement of Financial Affairs, which requires the debtor to list all "suits and administrative proceedings" she was a party to within the last year. Def. 56.1 Stmt. ¶ 48; Def. Ex. U, at Statement of Financial Affairs, Item No. 4. In response to this question, Calvin checked off "none." Def. 56.1 Stmt. ¶ 48; Def. Ex. U. Calvin signed a certification under penalty of perjury that her disclosures on the Schedule B form and in the Statement of Financial Affairs were true and correct. Def. 56.1 Stmt. ¶¶ 47, 48; Def. Ex. U. On October 27, 2005, Calvin filed an amended bankruptcy petition, but still did not disclose her pending EEO claims. Def. 56.1 Stmt. ¶ 49; Def. Exs. U & V; Calvin Supp. Dec. at ¶¶ 2, 3. Calvin concedes that she inappropriately failed to disclose her EEO complaints and the subsequent lawsuit against Potter, but Calvin maintains that her omission was unintentional. Calvin Supp. Dec. at ¶¶ 2, 3, On December 5, 2005, the bankruptcy court confirmed Calvin's Chapter 13 plan and issued a schedule of payments based on her financial representations. Def. 56.1 Stmt. ¶ 50.

## STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(C). In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Bennington v.*

*Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). However, the Court will "limit its analysis of the facts on summary judgment to evidence that is properly identified and supported in the parties' [Local Rule 56.1] statement." *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). Where a proposed statement of fact is supported by the record and not adequately rebutted, the court will accept that statement as true for purposes of summary judgment. An adequate rebuttal requires a citation to specific support in the record; an unsubstantiated denial is not adequate. *See Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001); *Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998) ("'Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter[;] rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted.'").

## **DISCUSSION**

Potter asserts that summary judgment should be entered in his favor because Calvin lacks standing to bring this lawsuit in her personal capacity. In support of this contention, Potter asserts that Calvin's claims do not "belong" to her and are instead the property of her bankruptcy estate. Whether standing exists is a paramount inquiry into a court's subject matter jurisdiction over a case, as it is "the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Under § 541 of the Bankruptcy Code, all of a debtor's property, including legal claims, become part of the bankruptcy estate at the time the petition is filed. *See* 11 U.S.C. § 541(a)(1); *Cannon Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) ("the estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims . . ."). Chapter 13 bankruptcy grants the debtor possession of the estate's property. *See* 11 U.S.C. § 1306(b). A

4

Chapter 13 debtor-in-possession has concurrent standing with the bankruptcy trustee to pursue claims *on behalf of the estate*. *See* Fed.R.Bankr.P. 6009; *see also Cable v. Ivy Tech State College*, 200 F.3d 467, 472-73 (7th Cir. 1999) (Chapter 13 bankruptcy debtor has standing to bring claims on behalf and for the benefit of the estate, but not for the personal benefit of the debtor). Furthermore, a trustee in bankruptcy may abandon worthless or low value assets, including legal claims and if the Trustee chooses to abandon a claim then the debtor can prosecute the suit in her own name *on her own behalf*. *See* 11 U.S.C. § 554; *Biesek v. Soo Line R.R.*, 440 F.3d 410, 413 (7th Cir. 2006) (individual may not sue to enforce claims on her own behalf that trustee has not demonstrably abandoned). The Bankruptcy Code provides several requirements for effective abandonment. First, "after notice and a hearing," the trustee, either on his own volition or under order by the bankruptcy court, "may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). In addition, property that the bankruptcy court orders the trustee to abandon is deemed abandoned, § 554(b), and likewise property that *has been scheduled* but "not otherwise administered bat the time of the closing of a case." 11 U.S.C. § 554(b) & (c). If a legal claim is not scheduled or otherwise administered by the time the bankruptcy is closed, it forever remains property of the estate, and the trustee remains the real party in interest. *See* 11 U.S.C. 554(d).

Here, Calvin filed her EEO claims in March 2004 and September 15, 2005. On September 16, 2005, while her EEO claims were pending, Calvin filed for Chapter 13 bankruptcy. *See* 11 U.S.C. § 1301. Therefore, Calvin's EEO claims and resulting discrimination case became assets of her bankruptcy estate. *See Cannon Stokes*, 453 F.3d at 448. As part of her bankruptcy petition, Calvin (who was then represented by counsel) was required to submit a sworn statement reflecting

5

all pending claims to which she was a party. *See* 11 U.S.C. § 541. But, in her Schedule B sworn statement and her sworn statement of financial affairs, Calvin did not mention her pending EEO claims or her discrimination case against Potter. While Calvin, as a Chapter 13 debtor-in-possession, would have standing to bring this claim on behalf of and for the benefit of her estate, Calvin's active misrepresentation in her bankruptcy proceedings demonstrates that she is *not* bringing her discrimination claims *on behalf of* or *for the benefit of* her bankruptcy estate. *See Cable*, 200 F.3d at 473 (legal claim was being brought *for the benefit* of the estate where Chapter 13 plain specifically directed that potential recovery would go to debtor's estate and creditors); *In re Heath*, 115 F.3d 521, 523-24 (7th Cir. 1997) (legal claim was not being brought *for the benefit* of the estate where potential recovery would have gone to the debtor and not debtor's estate or creditors); *Richardson v. United Parcel Service*, 195 B.R. 737, 739 (E.D. Mo 1996) (Chapter 13 debtor lacked standing to pursue legal claim where he failed to list the claim on his schedule of assets and liabilities). Furthermore, nothing in the record suggests that Calvin's bankruptcy trustee has abandoned her legal claims. Therefore, Calvin does not have standing to litigate her discrimination claims against Potter for her personal benefit. Since Calvin lacks standing, the Court does not have subject matter jurisdiction over her claims and they must be dismissed.

Moreover, the Court notes that even if standing were not a problem, judicial estoppel bars Calvin's claims. Judicial estoppel is an equitable doctrine designed to "protect the integrity of the judicial process" by preventing litigants from "deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (quotations and citations omitted). Judicial estoppel may apply when: "1) the later position is clearly inconsistent with the earlier position; 2) the facts at issue are the same in both cases; 3) the party to be estopped

6

convinced the first court to adopt its position; and 4) the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *United States v. Christian*, 342 F.3d 744, 747 (7th Cir. 2003). The doctrine is generally invoked to prevent a party from asserting positions in successive judicial proceedings that are so "clearly inconsistent" that accepting the latter position would create the perception that at least one of the courts was mislead. *See New Hampshire*, 532 U.S. at 750-51. Accordingly, a debtor who conceals a legal claim and denies owning the asset in bankruptcy is judicially estopped from later pursuing that claim to the debtor's personal benefit. *See Cannon-Stokes*, 453 F.3d at 448; *accord Bisek*, 440 F.3d at 412-14.[2]

Here, it is undisputed that Calvin concealed her EEO claims and her discrimination case during her bankruptcy proceedings on not one but two separate occasions. Furthermore, the bankruptcy court reviewed Calvin's sworn financial statements and Chapter 13 payment plan and confirmed the plan without including the instant action. A financial motive to hide assets exists under Chapter 13 because the hiding of assets affects the amount that the debtor is to be discounted and must repay. The representation Calvin made was false and she obtained a benefit, therefore judicial estoppel blocks Calvin from proceeding with these claims for her personal benefit. *See Cannon-Stokes*, 453 F.3d at 449 (applying judicial estoppel to bar debtor's claim where debtor failed to disclose legal claim and bankruptcy was discharged); *Becker v. Verizon North, Inc.*, No. 06-2956, 2007 WL 1224039, at * 1 (7th Cir. April 25, 2007) (applying judicial estoppel to bar Chapter 13 debtor's legal claim where debtor failed to disclose claim and bankruptcy court confirmed Chapter

---

[2]Although *Cannon-Stokes* and *Biesek* address bankruptcy under Chapter 7, rather than Chapter 13, both chapters require full disclosure of assets so there is no distinction between the two in this case. *See Biesek*, 440 F.3d at 413.

13 payment plan without full disclosure); *Leon v. Comcar Industries, Inc.*, 321 F.3d 1289 (11th Cir. 2003) (applying judicially estoppel to bar Chapter 13 debtor's legal claim where bankruptcy plan had been confirmed without cause of action included).

Calvin intimates that her failure to disclose her EEO claims and this lawsuit in her sworn financial statement and her Schedule of Personal Property was unintentional, but her subjective intent does not matter. *See Cannon-Stokes* 453 F.3d at 449 ("[A] debtor in bankruptcy is bound by her own representations, no matter why they were made . . . "). Accordingly, in addition to her standing defect, Calvin's failure to disclose her claims against Potter during her bankruptcy proceeding judicially estopps her from pursuing them now.

## **CONCLUSION AND ORDER**

For the reasons stated, Potter's Motion for Summary Judgment is granted. So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: August 20, 2009